David S. Bloch (SBN 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.590.5110
Facsimile: 415.707.2010

Vivian S. Kuo (*pro hac vice*)
kuov@gtlaw.com
Andrew Sommer (*pro hac vice*)
sommera@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: 202.331.3100
Facsimile: 202.261.4747

*Attorneys for Defendant
Platinum Optics Technology Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>　　　　　Defendant. | CASE NO. 5:21-CV-06655-EJD<br><br>**DECLARATION OF DAVID S. BLOCH IN SUPPORT OF PTOT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>[L.R. 79-5] |

I, David S. Bloch, declare:

1.  I am an attorney at law duly licensed to practice before all the Courts of the State of California and the District of Columbia. I am a shareholder at Greenberg Traurig, LLP, counsel of record for Defendant Platinum Optics Technology Inc. I submit this declaration pursuant to Civil Local Rules 7-11 and 79-5, § VII of the Court's Standing Order for Civil Cases, § 14.4 of the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets in support of redacting from the public record certain information disclosed in the Declaration of Confidential Nonparty in Support of PTOT's prior administrative motion (ECF 88).

2.  PTOT seeks to seal references to a particular company with which the parties shared business relationship. This relationship is not publicly known. Both parties (and the confidential nonparty) view the identity of the company as confidential, and the fact of this shared business relationship could give competitors an unfair competitive advantage, thus resulting in significant injury to Viavi, PTOT, and the third party. Disclosure of this confidential information could give competitors an unfair competitive advantage and could thus result in significant injury to all three. *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) ("Even a seemingly insignificant risk of disclosure cannot be ignored due to the threat of significant potential injury."); *Van v. Language Line Servs., Inc.*, 2016 U.S. Dist. LEXIS 85620 at *2 (N.D. Cal. June 30, 2016) (sealing "the identities of Defendants' clients"). The parties have consistently sought to seal this information, and the Court has consistently agreed that this information is properly subject to sealing. *See, e.g.,* ECFs 24, 25, 63, 76, 77, 95.

4.  **Exhibit A** is a true and correct copy of the REDACTED version of the Declaration of Confidential Nonparty in Support of PTOT's Administrative Motion to File under Seal, which is being filed on the public record. **Exhibit B** is an UNREDACTED version of the same document, which PTOT is seeking leave to file under seal. Both parties (and the relevant confidential nonparty) have designated the sealed information in this document under the protective order for the reasons set forth herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Tiburon, California, on November 11, 2022.

1
2          /s/ David S. Bloch
           David S. Bloch
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28