# EXHIBIT A

1 | WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
2 | Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
3 | 500 Molino Street, Suite 118
Los Angeles, CA 90013
4 | Telephone:    (213) 337-9972
Facsimile:    (213) 403-4906
5 |

6 | Attorneys for Confidential Non-Party

7 |

8 |

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 |

12 | VIAVI SOLUTIONS INC.,

| CASE NO.: 5:21-CV-06655-EJD

13 |                Plaintiff,

| DECLARATION OF CONFIDENTIAL NON-
PARTY IN SUPPORT OF PTOT'S
14 | vs.
| ADMINISTRATIVE MOTION TO FILE
UNDER SEAL
15 | PLATINUM OPTICS TECHNOLOGY INC.,

16 |                Defendant.
| **REDACTED VERSION OF DOCUMENT
SOUGHT TO BE FILED UNDER SEAL**
17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DECLARATION OF CONFIDENTIAL NON-PARTY IN SUPPORT OF PTOT'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL

## DECLARATION OF CONFIDENTIAL NON-PARTY

I, ████████████, declare as follows:

1. I am over the age of eighteen, a member in good standing of the bar of the State of California, and am Senior Litigation Counsel, IP at ████████ My knowledge of the matters stated herein is either personal or has been developed and confirmed through discussions with other ████ employees. If called and sworn as a witness, I could competently testify as set forth below.

2. I make this declaration pursuant to Civil Local Rule 79-5(c) in support of PTOT's Administrative Motion to File Under Seal Portions of PTOT's Motion for Summary Judgment, Separate Statement of Undisputed Facts, and Attachments to the Declaration of David Bloch in Support of PTOT's Motion for Summary Judgment (Dkt. No. 88) because documents and information therein contain non-party ████ confidential information and are subject to sealing by this Court.

3. In particular, ████ seeks to seal Exhibit 8 (Dkt. No. 88-9) as follows:

    a. The header and footer of each page of the Exhibit 8;

    b. PDF Page 2 (Title Page) at lines 7, and 14;

    c. PDF Page 3 (document page 14) at lines 1, 2, 5, 6, 8, 11, 12, 14, 17, 19, 21, 23, 24, 25, and 27;

    d. PDF Page 4 (document page 15) at lines 1, 2, 3, 5, 7, 8, 10, 14, 18, 21, 22, 23, and 24;

    e. PDF Page 5 (document page 16) at lines 3, 4, 5, 6, 8, 11-14, 16, 20, 21, 23, and 26;

    f. PDF Page 6 (document page 17) at lines 1, 3, 5, 6, 7, 8, 9, 10, 12, 14, 15, 19, 23, 26, and 27;

    g. PDF Page 7 (document page 18) at lines 1, 2, 8, 9, 10, 11, 13, 16-19, 21, 22 and 26;

    h. PDF Page 8 (document page 20) at lines 1, 8, 9, 10, 11, 13, 16, 17, and 24.

4.    The information that ▮▮ seeks to maintain under seal in Paragraph 3(a)

through (h) identifies ▮▮ as the confidential purchaser of components from the parties to the

litigation. That ▮▮ has any contractual relationship with either party to this litigation is

designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order

entered in this case.

5.    Non-party ▮▮ expends significant time and resources to maintain the

confidentiality of such information, including from whom it sources components of its products,

and seeks to maintain the confidentiality and non-public nature of this type of information.

Access to this confidential information is limited only to specific personnel within ▮▮.

6.    Based on my investigation, ▮▮ does not publicly share or publish this

confidential information. Public disclosure of ▮▮ as a purchaser of components would result

in harm to ▮▮, a non-party to this litigation.

7.    Compelling reasons exist to seal this document. The public does not have a

meaningful interest in obtaining the identity of ▮▮ because ▮▮ is not a party to this lawsuit

between Viavi and PTOT. Public disclosure of this information would cause particularized harm

to non-party ▮▮, for example, as it would allow others to identify its component suppliers and

other non-public information about ▮▮'s suppliers, which competitors could use to gain an

unfair business advantage agains ▮▮ in the development of future products.

8.    ▮▮'s request to seal is narrowly tailored to only those portions identified in

Paragraph 3(a) through (h).

9.    In view of the foregoing, ▮▮ respectfully requests that the Court to seal the

portions of Exhibit 8 (Dkt. No. 88-9) as set forth in Paragraph 3(a) through (h).

//

//

//

//

//

DECLARATION OF CONFIDENTIAL NON-PARTY IN SUPPORT OF PTOT'S ADMINISTRATIVE MOTION
TO FILE UNDER SEAL
2

1    I declare under penalty of perjury under the laws of the United States of America and the

2    State of California that the foregoing is true and correct.

3

4    Executed this ___3rd___ day of November, 2022, at _____San D ego_____, California.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 8**

█████████████

1  WALKER STEVENS CANNOM LLP
   Hannah L. Cannom (SBN 245635)
2  hcannom@wscllp.com
   Bethany M. Stevens (SBN 245672)
3  bstevens@wscllp.com
4  500 Molino Street, Suite 118
   Los Angeles, CA 90013
5  Telephone:     (213) 337-9972
   Facsimile:     (213) 403-4906
6

7  Attorneys for Non-Party ██████

8

9              IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  VIAVI SOLUTIONS INC.,                    CASE NO.: 5:21-CV-06655-EJD

14            Plaintiff,                     NON-PARTY ████████
                                             SUPPLEMENTAL OBJECTIONS AND
15  vs.                                      RESPONSES TO VIAVI SOLUTIONS
                                             INC.'S SUBPOENA TO PRODUCE
16  PLATINUM OPTICS TECHNOLOGY INC.,         DOCUMENTS, INFORMATION, OR
                                             OBJECTS IN A CIVIL ACTION
17            Defendant.

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY ██████ SUPPLEMENTAL OBJECTIONS AND RESPONSES TO VIAVI SOLUTIONS
INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION

1    issues. Furthermore, to the extent ███ produces any materials in response to the Subpoena,

2    such production will be subject to the Protective Order entered in this case, with ███ reserving

3    the right to insist upon supplemental protections.

4    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

5        Subject to and without waiving the foregoing objections, ███ responds as follows:

6    ███ stands on its objections to this Request.

7    **REQUEST NO. 5:**

8        Documents, Communications, and Things sufficient to identify the ███ mobile devices

9    that each PTOT Optical Filter has been incorporated into.

10   **OBJECTIONS AND RESPONSES TO REQUEST NO. 5:**

11       ███ incorporates each of its General Objections and Responses into its response to

12   Request No. 5 as if fully set forth herein. ███ further objects to this Request at least for the

13   following reasons:

14       Party Discovery: ███ objects to this Request to the extent it seeks documents and

15   information in the possession of, equally available to, and/or more efficiently obtained from the

16   Defendant.

17       Overly Broad and Unduly Burdensome: ███ objects to this Request as overbroad and

18   unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and

19   expense on third-party ███ The Request is not narrowly or reasonably tailored, particularly in

20   its use of the defined term "PTOT Optical Filters," which encompasses PTOT products "whether

21   provided, supplied, or sold, directly or indirectly, by PTOT to ███ also objects to the

22   defined term "PTOT Optical Filters" as overly broad and unduly burdensome to the extent it

23   purports to require ███ to identify whether responsive products were "manufactured by PTOT

24   on or after May 1, 2020." ███ further objects to this Request as overly broad and unduly

25   burdensome in its request for information "███ provided PTOT, directly or indirectly." ███

26   further objects to this Request as overly broad and unduly burdensome to the extent it seeks

27   information that is not easily accessible by ███ and/or that is related to products not

28

1  announced or released by ▮▮ ▮▮ will not produce information referring or relating to

2  unreleased products. ▮▮ further objects to the extent that this Request seeks documents and

3  things not in the possession, custody, or control of ▮▮ and/or that are equally accessible to

4  one or more parties to the litigation or other third parties.

5      Vague and Ambiguous: ▮▮ objects to this Request as vague and ambiguous. In

6  particular, the defined term "PTOT Optical Filters" is unclear and would require the subjective

7  judgment of ▮▮ or its attorneys. In addition, it is unclear whether the Request seeks the

8  identification of "▮▮ mobile devices" by product line (e.g., by model number) or by device

9  (e.g., by serial number).

10     Privileged and Work Product Materials: ▮▮ objects to this Request to the extent that it

11  seeks the production of documents or information protected by the attorney-client privilege, the

12  attorney work product doctrine, the common interest privilege, or any other applicable privilege,

13  immunity, or protection from discovery, including any third-party duty or obligation of non-

14  disclosure, privacy, or confidentiality. ▮▮ will not produce privileged or protected documents

15  or information, and any inadvertent disclosure or production thereof shall not be deemed a

16  waiver of any privilege with respect to such information or documents or of any work product

17  immunity which may attach thereto.

18     Not Relevant Third-Party Discovery: Third-party ▮▮ objects to this Request to the

19  extent it seeks documents, things, or information that is not relevant and exceeds the reasonable

20  scope of third-party discovery under the Federal Rules. The burden and expense of the proposed

21  discovery to third-party ▮▮ outweighs its likely benefit. For example, third- party ▮▮

22  objects to this Request to the extent that it seeks ▮▮ trade secrets, commercially sensitive

23  information, and/or closely guarded research and development information. ▮▮ will not

24  produce information referring or relating to unannounced or unreleased products. ▮▮ further

25  objects to this Request to the extent that it seeks documents, things, or information protected

26  from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or

27  Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary

28

1  information and things are relevant to any party's claim or defense, or that it is proportional to

2  the needs of the above- captioned case, considering the importance of the issues at stake, the

3  amount in controversy, the parties' and ███████ relative access to relevant information, the

4  parties' and third-party ███████ resources, and the importance of the discovery in resolving the

5  issues. Furthermore, to the extent ███████ produces any materials in response to the Subpoena,

6  such production will be subject to the Protective Order entered in this case, with ███████ reserving

7  the right to insist upon supplemental protections.

8        Subject to and without waiving the foregoing objections, ███████ will meet and confer with

9  Plaintiff regarding the scope of this Request.

10  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

11  ███████████████████████████████████████████

12  ███████████████████████████████████████████████

13  ███████████████████████████████████████████

14  ███████████████████████████████

15  **REQUEST NO. 6:**

16        Documents, Communications, and Things sufficient to show the quantity of ███████

17  mobile devices that incorporate a PTOT Optical Filter that has been imported into or sold in the

18  United States since May 1, 2020.

19  **OBJECTIONS AND RESPONSES TO REQUEST NO. 6:**

20        ███████ incorporates each of its General Objections and Responses into its response to

21  Request No. 6 as if fully set forth herein. ███████ further objects to this Request at least for the

22  following reasons:

23        Party Discovery: ███████ objects to this Request to the extent it seeks documents and

24  information in the possession of, equally available to, and/or more efficiently obtained from the

25  Defendant.

26        Overly Broad and Unduly Burdensome: ███████ objects to this Request as overbroad and

27  unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and

28

NON-PARTY ███████████ SUPPLEMENTAL OBJECTIONS AND RESPONSES TO VIAVI SOLUTIONS
INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION
16



1    expense on third-party ▮▮▮ The Request is not narrowly or reasonably tailored, particularly in

2    its use of the defined term "PTOT Optical Filters," which encompasses PTOT products "whether

3    provided, supplied, or sold, directly or indirectly, by PTOT to ▮▮▮ ▮▮▮ also objects to the

4    defined term "PTOT Optical Filters" as overly broad and unduly burdensome to the extent it

5    purports to require ▮▮▮ to identify whether responsive products were "manufactured by PTOT

6    on or after May 1, 2020." ▮▮▮ further objects to this Request as overly broad and unduly

7    burdensome to the extent it seeks information that is not easily accessible by ▮▮▮ and/or that is

8    related to products not announced or released by ▮▮▮ ▮▮▮ will not produce information

9    referring or relating to unreleased products. ▮▮▮ further objects to the extent that this Request

10   seeks documents and things not in the possession, custody, or control of ▮▮▮ and/or that are

11   equally accessible to one or more parties to the litigation or other third parties.

12        Vague and Ambiguous: ▮▮▮ objects to this Request as vague and ambiguous. In

13   particular, the defined term "PTOT Optical Filters" is unclear and would require the subjective

14   judgment of ▮▮▮ or its attorneys.

15        Privileged and Work Product Materials: ▮▮▮ objects to this Request to the extent that it

16   seeks the production of documents or information protected by the attorney-client privilege, the

17   attorney work product doctrine, the common interest privilege, or any other applicable privilege,

18   immunity, or protection from discovery, including any third-party duty or obligation of non-

19   disclosure, privacy, or confidentiality. ▮▮▮ will not produce privileged or protected documents

20   or information, and any inadvertent disclosure or production thereof shall not be deemed a

21   waiver of any privilege with respect to such information or documents or of any work product

22   immunity which may attach thereto.

23        Not Relevant Third-Party Discovery: Third-party ▮▮▮ objects to this Request to the

24   extent it seeks documents, things, or information that is not relevant and exceeds the reasonable

25   scope of third-party discovery under the Federal Rules. The burden and expense of the proposed

26   discovery to third-party ▮▮▮ outweighs its likely benefit. For example, third- party ▮▮▮

27   objects to this Request to the extent that it seeks ▮▮▮ trade secrets, commercially sensitive

28

████████████████

1  information, and/or closely guarded research and development information. ████ will not

2  produce information referring or relating to unannounced or unreleased products. ████ further

3  objects to this Request to the extent that it seeks documents, things, or information protected

4  from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or

5  Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary

6  information and things are relevant to any party's claim or defense, or that it is proportional to

7  the needs of the above- captioned case, considering the importance of the issues at stake, the

8  amount in controversy, the parties' and ████ relative access to relevant information, the

9  parties' and third-party ████ resources, and the importance of the discovery in resolving the

10  issues. Furthermore, to the extent ████ produces any materials in response to the Subpoena,

11  such production will be subject to the Protective Order entered in this case, with ████ reserving

12  the right to insist upon supplemental protections.

13       Subject to and without waiving the foregoing objections, ████ will meet and confer with

14  Plaintiff regarding the scope of this Request.

15  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

16  ████████████████████

17  ████████████████████████

18  ████████████████████████

19  ████████████████████

20  **REQUEST NO. 7:**

21       For those ████ mobile devices identified in response to Request for Production No. 5,

22  Documents, Communications, and Things sufficient to show ████ relative market share for

23  those products shipped to the United States as compared to the same products as shipped

24  globally.

25  **OBJECTIONS AND RESPONSES TO REQUEST NO. 7:**

26       ████ incorporates each of its General Objections and Responses, as well as its Specific

27  Objections and Responses to Request No. 5, into its response to Request No. 7 as if fully set

28



1  information, and/or closely guarded research and development information. ▇ will not

2  produce information referring or relating to unannounced or unreleased products. Apple further

3  objects to this Request to the extent that it seeks documents, things, or information protected

4  from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or

5  Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary

6  information and things are relevant to any party's claim or defense, or that it is proportional to

7  the needs of the above- captioned case, considering the importance of the issues at stake, the

8  amount in controversy, the parties' and ▇ relative access to relevant information, the

9  parties' and third-party ▇ resources, and the importance of the discovery in resolving the

10 issues. Furthermore, to the extent ▇ produces any materials in response to the Subpoena,

11 such production will be subject to the Protective Order entered in this case, with ▇ reserving

12 the right to insist upon supplemental protections.

13       Subject to and without waiving the foregoing objections, ▇ will meet and confer with

14 Plaintiff regarding the scope of this Request.

15 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

16       Subject to and without waiving the foregoing objections, ▇ responds as follows:

17 ▇ stands on its objections to this Request.

18

19

20

21 Dated this 7th day of October, 2022          WALKER STEVENS CANNOM LLP

22

23                                              _____/s/ Hannah L. Cannom_____
                                                Hannah L. Cannom

24

25                                              Attorneys for Non-Party ▇

26

27

28