UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>    Defendant. | Case No.   5:21-cv-06655-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: ECF No. 87 |

Before the Court is Plaintiff's motion for leave to file an amended complaint. ECF No. 87. The Court heard oral argument on December 15, 2022. For the reasons discussed herein, the Court GRANTS Plaintiff's motion.

Plaintiff Viavi Solutions Inc. ("Viavi") is a U.S.-based company headquartered in Delaware that designs optical filters using hydrogenated silicon for 3D motion sensing. First Am. Compl. ("FAC"), ECF No. 21 ¶¶ 4, 19. It holds various patents associated with this technology. *Id.* ¶¶ 3, 5. Defendant Platinum Optics Technology Inc. ("PTOT") is a Taiwan-based company that manufactures optical filters that employ hydrogenated silicon, which allegedly utilizes Viavi's patented technology. *Id.* ¶¶ 12, 20. The factual background is set out in detail in the Court's MSJ Order (ECF No. 142) and will not be repeated here.[1] Viavi initiated this action arising under 35 U.S.C. § 271(b) on August 27, 2021, seeking a judgment that PTOT induced infringement of at least one claim of each of multiple asserted patents. *See generally* FAC.

On October 21, 2022, Viavi moved for leave to file a second amended complaint ("SAC")

---

[1] Certain terms referenced in this Order are defined in the MSJ Order.

Case No.: 5:21-cv-06655-EJD
ORDER GRANTING MOT. LEAVE TO FILE AM. COMPL.
1

1   based on newly discovered information.  *See* Mot., ECF No. 87.  One week later, on October 28,

2   2022, PTOT filed a motion for summary judgment of non-infringement and opposed Viavi's

3   motion.[2]  *See* ECF Nos. 89, 98.

4         Viavi seeks leave to amend the FAC to add allegations of direct infringement under 35

5   U.S.C. § 271(a).  Viavi asserts that it learned through discovery that PTOT directly ships

6   infringing products to Company in the United States.  Mot. at 1.  Viavi allegedly learned about

7   PTOT's direct infringement in September 2022 from PTOT's interrogatory responses served on

8   August 1, 2022.  *Id.*  Viavi supplies optical filters to Company through intermediaries.  *Id.* at 2.

9   Viavi alleges that PTOT committed direct infringement under § 271(a) when it shipped 15

10  Accused Filter wafers directly from Taiwan to Company in the U.S.  *Id.*; 35 U.S.C. § 271(a)

11  (prohibiting the importation and sale of infringing articles in the U.S.).  Viavi alleges that the filter

12  samples infringe many of the asserted claims of Viavi's Asserted Patents.

13        Pursuant to Rule 15, "[t]he Court should freely give leave [to amend pleadings] when

14  justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15's "policy of favoring amendments to

15  pleadings should be applied with 'extreme liberality.'"  *DCD Programs, Ltd. v. Leighton*, 833

16  F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

17  A court should resolve a motion for leave to amend "with all inferences in favor of granting the

18  motion."  *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citations omitted).

19        Courts consider multiple factors and "may exercise its discretion to deny leave to amend

20  due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

21  deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and]

22  futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.

---

[2] The Court is in an unusual position due to the timing of the parties filing their motions.  Because the Court grants leave to file an amended complaint alleging direct infringement while Defendant's motion for summary judgment on Plaintiff's induced infringement claim is pending (ECF No. 89), the Court will construe Defendant's motion as a partial motion for summary judgment without requiring the parties to refile their briefs.  Plaintiff may file the SAC pursuant to this Order and incorporating the Court's ruling on Defendant's partial motion for summary judgment.

Case No.: 5:21-cv-06655-EJD
ORDER GRANTING MOT. LEAVE TO FILE AM. COMPL.
2

2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)) (alterations in original). Prejudice to the opposing party "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a)."). The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

Viavi contends that PTOT will not be prejudiced by adding allegations of direct infringement because the FAC contains allegations of inducement of infringement of the same Accused Filters, thus the parties' positions will not be substantially changed. Mot. at 3–4; *see Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-cv-06663-TSH, 2019 U.S. Dist. LEXIS 28747, at *7 (N.D. Cal. Feb. 22, 2019). PTOT argues that it will be prejudiced if Viavi is permitted to file a SAC, but PTOT cites the litigious history of the parties in support of its assertion that it will be prejudiced. Opp'n at 15. The fact that the parties have litigated multiple lawsuits in Asia and two separate lawsuits before this Court—one of which has since been dismissed—has no bearing on whether granting leave to amend will prejudice PTOT in *this* action. *See id.*; *Align Tech., Inc.*, 2019 WL 861422, at *3 (finding that the possibility of a second lawsuit in another jurisdiction does not constitute sufficient prejudice to warrant denial of a motion for leave to amend a complaint). PTOT has therefore failed to establish prejudice.

Next, Viavi contends the early stage of the litigation weighs in favor of granting leave to amend. Mot. at 4. Viavi notes that it has not served infringement contentions, PTOT has not served invalidity contentions, there is no Markman hearing, and no trial has been set. *Id.* Viavi also asserts that its request for leave to amend was not unduly delayed because Viavi moved shortly after discovering the alleged direct infringement. *Id.* PTOT disagrees, noting that Viavi waited "nearly three months to file its motion" and filed one week before PTOT was set to file its motion for summary judgment. Opp'n at 16. Viavi allegedly learned of the facts giving rise to the proposed allegations on August 1 and filed the instant motion on October 21. Viavi attributes the delay in filing to its efforts to garner additional discovery to further develop its evidence for its direct infringement claim. ECF No. 112 ("Reply") at 1. Viavi also notes that PTOT was aware

Case No.: 5:21-cv-06655-EJD
ORDER GRANTING MOT. LEAVE TO FILE AM. COMPL.
3

that Viavi intended to add a claim for direct infringement because the parties had met and conferred about it. *Id.* Under these circumstances, the Court agrees that there was no undue delay, and that the stage of the litigation does not weigh against granting leave to file an amended complaint.

PTOT also asserts that amendment would be futile. Opp'n at 10–11. The parties dispute whether Viavi's definition of "Accused Filter" encompasses the wafers sent by PTOT to Company.³ PTOT argues that the Accused Filters and the "wafers" are not the same and have sufficiently different properties. Opp'n at 5–6. According to PTOT, the wafers could not be incorporated into Company's Device without "significant additional manufacturing steps." *Id.* But PTOT's corporate representative testified that "without knowing the scope of the wafer and without measuring the number of layer[s] it has," he did not "*think* they are exactly the same. *Id.* at 6–7 (emphasis added); *see* ECF No. 87-4, Hector Decl., Ex. C ("Lin Dep. Tr.") at 126:12–128:12. According to Viavi, the Accused Filter "comes from" the wafer and Company's delivery specification requirements permit shipment of the "diced wafers" to camera module integrators. Reply at 1; *see* Hector Decl., ECF No. 87-5 at 13. The Court concludes that this dispute is not appropriately resolved on a motion for leave to amend. *Spin Master LTD v. Your Store Online*, 2010 WL 3057263, 4 (C.D. Cal., Aug. 2, 2010) ("The question of futility is better addressed on a motion to dismiss."); *Foman*, 371 U.S. at 182) ("[Plaintiffs] ought to be afforded an opportunity to test his claim on the merits.").

Finally, PTOT contends that Viavi filed this motion in bad faith because Viavi purportedly lacks evidence to assert direct infringement. Opp'n at 17. Viavi disagrees, asserting that the SAC states a claim with sufficient specificity that PTOT directly infringed Viavi's asserted patents under 35 U.S.C. § 271(a). Because PTOT only contends that Viavi cannot *prove* these allegations, this inquiry cannot be resolved on a motion for leave to file an amended complaint and is more appropriately resolved at a later stage in the litigation. PTOT fails to otherwise identify any

---

³ PTOT raises a host of other reasons that amendment would be futile. *See* PTOT Opp'n at 12–14. The Court is not persuaded by these arguments.

specific instances of bad faith.

Accordingly, the Court finds the factors weigh in favor of granting Viavi's motion and GRANTS leave to file the SAC. Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Accordingly, Viavi may file an amended complaint no later than 21 days after entry of this Order.

**IT IS SO ORDERED.**

Dated: October 13, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-06655-EJD
ORDER GRANTING MOT. LEAVE TO FILE AM. COMPL.
5