1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    VIAVI SOLUTIONS INC.,                    Case No.  21-cv-06655-EJD

              Plaintiff,
8
                                             **ORDER GRANTING MOTION TO**
9        v.                                  **DISMISS**

10   PLATINUM OPTICS TECHNOLOGY              Re: ECF No. 146
     INC.,
11
              Defendant.
12

13          Before the Court is Defendant Platinum Optics Technology Inc.'s ("PTOT") motion to

14   dismiss Viavi Solutions Inc.'s ("Viavi") Second Amended Complaint ("SAC").  ECF No. 146.

15   For the reasons discussed below, the Court GRANTS PTOT's motion.

16   **I.      BACKGROUND**

17          This Court has previously provided a detailed summary of the relevant facts in its order

18   granting PTOT's motion for summary judgment.  *See* ECF No. 142 ("MSJ Order").  The Court

19   will briefly summarize the facts relevant to PTOT's motion to dismiss here.

20          **A.      Procedural History**

21          Viavi initiated this action arising under 35 U.S.C. § 271(b) on August 27, 2021, seeking a

22   judgment that PTOT induced infringement of at least one claim of U.S. Patent Nos. 9,354,369 (the

23   "'369 patent")[1]; 9,588,269 (the "'269 patent"); and 10,222,526 (the "'526 patent").  *See generally*

24   ECF No. 1, Compl.  On October 4, 2021, Viavi amended its complaint to include allegations of

25   PTOT's infringement of U.S. Patent No. 11,131,794 (the "'794 patent").  *See generally* ECF No.

26   21, Amended Complaint.  On October 21, 2022, Viavi moved for leave to file a second amended

27   ────────────────────

28   [1] Viavi has since voluntarily dismissed its claim with respect to the '369 patent.  *See* ECF
     No. 26.

United States District Court
Northern District of California

1    complaint based on newly discovered information. *See* ECF No. 87. One week later, on October

2    28, 2022, PTOT filed a motion for summary judgment of non-infringement. ECF No. 89. On

3    November 4, 2022, PTOT opposed Viavi's motion for leave to amend. ECF No. 98.

4            On October 13, 2023, the Court granted Viavi's motion for leave to file an amended

5    complaint. ECF No. 141. On the same day, the Court also granted PTOT's motion for summary

6    judgment of non-infringement. ECF No. 142. Because the Court also granted Viavi's motion for

7    leave to amend to add allegations of direct infringement, the Court's ruling on PTOT's MSJ did

8    not dispose of the case. *See id.* at 12.

9            **B.      Viavi's Second Amended Complaint**

10           On November 3, 2023, Viavi filed its SAC alleging PTOT is liable for direct infringement

11   of the '269 patent, the '526 patent, and the '794 patent (the "Asserted Patents"). SAC ¶ 4. The

12   Asserted Patents generally relate to optical filters. *Id.* ¶ 5. The SAC alleges that, in September

13   2020, PTOT directly sent samples of wafers (hereinafter referred to as the "Accused Samples")

14   from Taiwan to Company.[2] *Id.* ¶ 23. Viavi alleges "upon information and belief" that these

15   Accused Samples have the same design of "one example" of a PTOT filter Viavi previously

16   accused of indirect infringement ("Previously Accused Filter") in Viavi's first amended complaint.

17   *Id.* ¶ 27. The alleged difference between the Accused Samples and the Previously Accused Filter

18   is the size. *Id.* Viavi attached to its SAC a claim chart comparing the claims of the Asserted

19   Patents to the Previously Accused Filter. SAC, Ex. 14. Exhibit 14 does not chart the Asserted

20   Patents to the Accused Samples. Rather, the SAC alleges that the Previously Accused Filter, as

21   charted in Exhibit 14 to the SAC, "represents" the Accused Samples. *Id.* ¶¶ 36, 44, 52 ("the

22   optical filter charted with respect to the Asserted Patents in Exhibit 14 represents a PTOT

23   [Accused Sample] in the United States").

24           Viavi seeks past and future compensatory damages, including lost profits and amounting to

25   no less than reasonable royalties, prejudgment interest, and any other available damages based

26

27   _____

28   [2] As with the MSJ Order, the Court will again refer to "Company" throughout this Order to
     maintain the confidentiality of the third-party company, which has been redacted from the parties'
     filings.

United States District Court
Northern District of California

1    under 35 U.S.C. § 284. *Id.* at 9 ("Prayer for Relief"). Viavi also requests an award of any other

2    supplemental damages, including attorneys' fees and costs incurred, pursuant to 35 U.S.C. § 285.

3    Prayer for Relief ¶ 3. Viavi also alleges PTOT willfully infringed the Asserted Patents.

4    SAC ¶¶ 40, 48, 56.

5          On November 17, 2023, PTOT filed the present motion to dismiss, which has been fully

6    briefed. ECF Nos. 146 ("Mot"), 153 ("Opp."), and 155 ("Reply"). The Court finds the Motion

7    appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having

8    reviewed the parties' submissions and relevant law, the Court GRANTS the motion with leave to

9    amend.

10   **II.    LEGAL STANDARD**

11         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

12   sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199–1200 (9th

13   Cir. 2003). Under Federal Rule of Civil Procedure 8, a complaint must include a "short and plain

14   statement of the claim showing that the pleader is entitled to relief," and may be dismissed under

15   Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient

16   facts to support such a theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). When

17   deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-

18   pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also

19   construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v.*

20   *United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must

21   accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of

22   the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion

23   couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

24         The court usually does not consider material beyond the pleadings for a Rule 12(b)(6)

25   motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.

26   1989). Exceptions include material incorporated by reference in the complaint and material

27   subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–69 (9th Cir. 2001).

28         An "element-by-element pleading standard for patent infringement . . . is unsupported and

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*." *Bot M8 LLC v.*

2    *Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).  Rather, "[t]he adequacy of the facts pled

3    depends on the breadth and complexity of both the asserted patent and the accused product or

4    system and on the nature of the defendant's business activities." *K-Tech Telecomms., Inc. v. Time*

5    *Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).  For a "simple technology," a plaintiff

6    may plausibly plead by providing the asserted patents, identifying the accused products "by name

7    and by attaching photos of the product packaging," and alleging the accused products meet "each

8    and every element of at least one claim… either literally or equivalently." *Disc Disease Sols. Inc.*

9    *v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).  However, "a plaintiff cannot assert a

10   plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements

11   and merely concluding that the accused product has those elements. There must be some factual

12   allegations that, when taken as true, articulate why it is plausible that the accused product infringes

13   the patent claim." *Bot M8 LLC*, 4 F.4th 1342 at 1353 (agreeing with the district court's dismissal

14   where the complaint's allegations were conclusory, merely tracked the claim language, and did not

15   present plausible factual content in support of infringement).

16          Even when a complaint provides sufficient factual statements, a plaintiff may still fail to

17   plausibly state a claim where (1) the infringement allegation rests on an implausible claim

18   construction, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018), or (2) "the factual

19   allegations are actually inconsistent with and contradict infringement." *Bot M8 LLC*, 4 F.4th at

20   1354.

21   **III.    DISCUSSION**

22          **A.    The SAC As Filed Compared to the Proposed SAC**

23          At the outset, and before reaching the merits, PTOT argues that Viavi's SAC should be

24   dismissed because Viavi "significantly changed and supplemented its direct infringement

25   allegations relative to those presented in its proposed SAC" submitted with Viavi's motion for

26   leave to amend.  Mot. 9.  These changes, PTOT argues, violate Civil Local Rule 10-1, which

27   requires that "[a]ny party filing or moving to file an amended pleading must reproduce the entire

28   proposed pleading and may not incorporate any part of a prior pleading by reference." *Id.* at 1

1    (citing Civ. L.R. 10-1).  Viavi responds that the discrepancies between to the two versions of the

2    complaints are appropriate in light of the Court's MSJ Order on indirect infringement, and

3    regardless, the substance of the as-filed SAC is the same as the proposed SAC.  Opp. 5–6.

4            In granting Viavi's motion for leave to amend its complaint, the Court granted "leave to

5    file the SAC" and stated that "Plaintiff may not add new claims or parties without leave of the

6    Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15."  ECF No. 141

7    at 5.  Recognizing the unusual procedural posture, the Court instructed that Viavi "may file the

8    SAC pursuant to the Court's Order granting leave to file an amended complaint and incorporating

9    the Court's ruling on this motion."  MSJ Order 2, n.3.

10           After reviewing the proposed SAC Viavi submitted with its motion for leave to amend

11   (ECF No. 86-6) and the SAC as filed (ECF No. 143-4), the Court observes that Viavi's as-filed

12   SAC appears to include allegations beyond those necessary to comport with the Court's MSJ

13   Order.  For instance, the SAC contains substantive revisions to allegations related to its *direct*

14   infringement claims.  Viavi's direct infringement claims rely on its allegations that the Previously

15   Accused Filters represent the Accused Samples, but no such allegations appear in the proposed

16   SAC.  *Compare, e.g.*, SAC ¶¶ 36, 37, 44, 45 with ECF No. 86-6.

17           PTOT argues that the SAC should be dismissed "[f]or this reason alone."  Mot. 10.  But

18   beyond stating that it "would have raised many of the arguments [in its motion to dismiss] in its

19   opposition to Viavi's motion to amend," PTOT does not state what arguments it would have raised

20   or otherwise how it is prejudiced.  Nevertheless, because the Court finds that Viavi has failed to

21   plead direct infringement, the Court need not address this argument.

22       **B.      Direct Infringement**

23           PTOT argues the SAC's factual allegations are insufficient to plausibly state a claim for

24   direct infringement.  In particular, PTOT argues that (1) Viavi lacks a good faith basis to allege

25   that the Accused Samples practice the elements of the asserted claims, including because Viavi

26   never analyzed nor saw one of the Accused Samples; (2) Viavi offers no factual support to tie the

27   Accused Samples to the charted, Previously Accused Filter; and (3) evidence cited in the SAC

28   contradicts the direct infringement allegations.  Mot. 11–15.

United States District Court
Northern District of California

United States District Court
Northern District of California

1          PTOT first argues that Viavi cannot plausibly allege that the Accused Samples infringe the

2     asserted claims because Viavi has neither analyzed nor seen one of the Accused Samples.

3     Mot. 12.  Viavi does not dispute that it neither analyzed nor viewed one of the Accused Samples

4     before filing the SAC.  *See generally* Opp.  Rather, Viavi argues that it could not have sought

5     additional technical information about the Accused Samples prior to filing the SAC because

6     "technical discovery on infringement issues was prohibited" and "PTOT strictly objected to

7     providing information it deemed outside of the Court's 'permissible scope of discovery.'"  *Id.* at 8.

8     Viavi's argument is unpersuasive because the record suggests that Viavi's subpoena to Company

9     extended beyond what Viavi considers the "permissible scope of discovery."  *See* ECF 97-12 at 5.

10     Moreover, Viavi could have sought the Court's permission to take additional, limited discovery

11     regarding the Accused Samples.

12          Even without additional technical evidence, Viavi argues that the allegations that the

13     Previously Accused Filter "represents" the Accused Samples and that the two products include the

14     same design and filter stack is sufficient.  Opp. 9, 11.  Although Viavi "is not required to plead

15     infringement on an element-by-element basis," there must be "some factual allegations that, when

16     taken as true, articulate why it is plausible that the accused product infringes the patent claim."

17     *Bot M8 LLC*, 4 F.4th at 1353 (internal quotations omitted).  But even accepting all factual

18     allegations as true, the SAC's showing here falls short.  Viavi has not pleaded factual allegations

19     that articulate why it is plausible that the Accused Samples infringe the asserted claims.

20          First, other than alleging "on information and belief" that the Accused Samples have the

21     same design and filter stack as the Previously Accused Wafer, the SAC lacks any factual

22     allegations regarding its claims that PTOT infringed the *Accused Samples*.  SAC ¶ 27.  Moreover,

23     the deposition testimony Viavi cites for this proposition does not sufficiently support its allegation

24     that the two products are the same or can be treated the same under these circumstances.  *See id.*

25     ¶ 23; ECF No. 143-9 ("Lin Dep.").  The testimony does not compare the Accused Samples with

26     the Previously Accused Filter, let alone discuss the specific Previously Accused Filter at all.

27     Lin Dep. 126:12-17 (discussing differences between wafers and filters generally).  Indeed, other

28     portions of the cited testimony appear to undermine Viavi's allegation that the Accused Samples

1    and the Previously Accused Filter can be treated the same.  *Id.* at 127:2-25 (expressing doubt

2    regarding whether the wafer and filters are the same).  Without some factual basis beyond

3    conclusory statements regarding their size to plausibly connect the Accused Samples with the

4    Previously Accused Filter, Viavi has not sufficiently plead direct infringement of the Accused

5    Samples.

6         Second, the Court is not convinced that Viavi's reliance on the claim chart involving the

7    Previously Accused Filter—not presently accused—is sufficient to plausibly allege the Accused

8    Sample infringes the Asserted Patents.  In *Power Density Sols.*, plaintiff attached to its complaint a

9    claim chart addressing "a single accused product" to support its infringement claims for multiple

10   accused products.  *Power Density Sols. v. IBM Corp.*, No. 19-CV-03710-RS, 2020 WL 4876895,

11   at *1 (N.D. Cal. Mar. 20, 2020).  IBM argued that "to the extent [plaintiff] intend[ed] to pursue

12   infringement with respect to any product other than the [the product in the claim chart], it ha[d]

13   not alleged a sufficient factual basis for such claims."  *Id.*  The Court dismissed all claims of

14   infringement with respect to all accused products other than the one addressed in the claim chart.

15   *Id.* at *1, 4 (explaining that "more than vague, generalized, and conclusory assertions are

16   required"); *see also Golden v. Qualcomm*, No. 2023-1818, 2023 WL 6561044, at *2 (Fed. Cir.

17   Oct. 10, 2023) (affirming dismissal and finding complaint failed to sufficiently plead a claim for

18   direct infringement where "the complaint did not adequately explain *how* [the accused] products

19   infringe the asserted patent claims" and where underlying complaint attached claim charts

20   referencing unaccused products) (emphasis in original); *see also PlanetID, LLC v. Digify, Inc.*,

21   No. 19-cv-04615-JST, ECF No. 30 at 17 (N.D. Cal. Mar. 20, 2020) (dismissing infringement

22   claims where "the complaint and the attached charts lack[ed] factual allegations to raise the

23   reasonable inference that [defendant's] products practice" the asserted patents).

24        Third, the SAC's description in "narrative form" of "how the design of the [Accused

25   Samples] meets the asserted patent claim elements" do not help.  Opp. 9.  These paragraphs

26   simply recite the asserted claim elements and "merely conclude that the [Accused Samples] ha[ve]

27   those elements."  *Bot M8 LLC*, 4 F.4th at 1353.  For example, paragraph 37 alleges that the

28   Accused Samples "represent one or more optical filters comprising a filter stack that has a

1    plurality of thin film hydrogenated silicon layers that have a refractive index greater than 3 over a

2    wavelength range of 800 to 1100 nm, and a plurality of thin film lower refractive index layers that

3    have a refractive index less than 3 over the wavelength range of 800 to 1100 nm."  SAC ¶ 37.

4    This language mirrors claim 1 of the '269 patent.  *See* SAC ¶ 37, '269 patent, claim 1.

5    Paragraphs 45 and 53 likewise recite the asserted claims.  *See id.* ¶ 45 (mirroring '526 patent,

6    claim 27); ¶ 53 (mirroring '794, claim 9).

7                                                    *   *   *

8            Even accepting Viavi's allegations as true, the Court finds Viavi has not plausibly alleged

9    that the Accused Samples infringe the Asserted Patents.  Accordingly, the Court GRANTS

10   PTOT's motion to dismiss.  Because the Court cannot say amendment would be futile, it will grant

11   Viavi leave to amend.

12           **C.      Willful Infringement**

13           PTOT also moves to dismiss Viavi's claims for willful infringement.  Mot. 16.  Because

14   Viavi "has not sufficiently alleged direct infringement, the claim for willful infringement must

15   also be dismissed."  *See Crandall Techs. v. Vudu, Inc.*, No. 20-cv-04849-VC, ECF No. 33, at

16   *2–3 (N.D. Cal. Nov. 2, 2020).

17   **IV.    CONCLUSION**

18           For the foregoing reasons, the Court GRANTS PTOT's motion to dismiss with leave to

19   amend.  Viavi must file any amended complaint within 21 days of this Order.

20

21           **IT IS SO ORDERED.**

22   Dated: February 23, 2024

23

24   _____

25   Edward J. Davila
     United States District Judge

26

27

28

United States District Court
Northern District of California