VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice*)
FCCimino@venable.com
Megan S. Woodworth (*pro hac vice*)
MSWoodworth@venable.com
Charles J. Monterio, Jr. (*pro hac vice*)
CJMonterio@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Plaintiff*
*Viavi Solutions, Inc.*

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>Defendant. | Case No. 5:21-cv-06655-EJD (SVK)<br><br>**THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

## THIRD AMENDED COMPLAINT

Plaintiff Viavi Solutions Inc. ("Viavi") hereby makes this complaint against Defendant Platinum Optics Technology Inc. ("PTOT") as follows:

## NATURE OF ACTION

1. This is a patent infringement action. Viavi seeks damages for PTOT's infringement of Viavi's United States patents.

**INTRADISTRICT ASSIGNMENT**

2. This is an Intellectual Property action and shall be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c) and this Court's Assignment Plan.

**FACTUAL BACKGROUND**

3. Viavi, formerly known as JDS Uniphase Corporation, is a pioneer and world leader in the fields of three-dimensional (3D) motion sensing technology, light management, and optical coatings, among others.

4. The inventions disclosed in U.S. Patent Nos. 9,588,269 ("the '269 patent"), 10,222,526 ("the '526 patent"), and 11,131,794 ("the '794 patent"), (collectively "the Asserted Patents") (Exhibits 1, 2, and 3) and exemplified in Viavi's state-of-the-art optical filters are indicative of Viavi's status as a world leader in 3D motion sensing technology.

5. The Asserted Patents generally relate to low angle shift optical filters that employ hydrogenated silicon layers as a high refractive index layer, optical sensor systems including the novel filters, and methods of making the same.

6. In a typical gesture-recognition system, a light source emits near-infrared light towards a user. An optical filter is used to transmit the emitted light that is reflected by the user to the 3D image sensor, while substantially blocking ambient light. A 3D image sensor then detects the emitted light to provide a 3D image of the user. A processing system then analyzes the 3D image to recognize a gesture made by the user.

7. The inventors of the Asserted Patents conceived of superior filter designs for such a use. The patented filter designs provide a deep suppression of unwanted ambient light, so that the filters can be used under a wide variety of extreme light conditions. The patented filter designs use hydrogenated silicon layers (which has a relatively high refractive index over the near-infrared wavelength range) to achieve superior optical performance, a desired reduction in filter thickness, and a reduced center wavelength shift with a change in incidence angle. Viavi has invested years of research and development into its 3D motion sensing technology, and has been awarded several related patents, including the Asserted Patents, for its efforts.

8. Based on these inventions, Viavi was the first company to offer a commercial

optical filter using hydrogenated silicon for 3D motion sensing. Viavi has enjoyed significant commercial success with its patented filter designs, and that success is reflective of the electronic consumer product industry recognizing and replicating features of Viavi's patented technology.

9. Viavi's innovative optical filters won the 2017 Fierce Innovation Award for the Telecom category, which seeks to recognize "groundbreaking solutions" and "the most evolutionary and revolutionary technologies" in the industry. Exhibit 4. Through multiple generations of increasing performance and decreasing cost, Viavi has remained the industry's leading supplier of high-performance filters for motion sensing systems in consumer electronics.

10. Suppliers to electronic device manufacturers, like PTOT, have incorporated Viavi's patented filter designs into their optical filters that are in turn used to produce sensing systems in high-end mobile phones and tablets featuring facial and gesture recognition technology, such as [redacted]. In fact, other companies in the industry have recognized the benefits of Viavi's inventions and have obtained licensing arrangements from Viavi to continue supplying their optical filters. *See* Exhibits 5 and 6.

## PROCEDURAL BACKGROUND

11. In 2019, Viavi filed patent infringement lawsuits against PTOT in China and Taiwan respectively, concerning PTOT's infringement of foreign counterparts to the Asserted Patents. From these lawsuits, PTOT had actual knowledge of, or was willfully blind to, the Asserted Patents. In early 2020, those lawsuits were resolved and dismissed. But the resolution was limited in time, and did not provide any protection from infringement after May 1, 2020.

12. Since May 1, 2020, PTOT continued to make and sell low angle shift optical filters that employ hydrogenated silicon layers as a high refractive index layer and include the patented technology for inclusion in electronic devices that contain 3D camera modules and that are imported, used, offered for sale, and/or sold throughout the United States, including in this District.

13. On July 14, 2020, Viavi sent PTOT a letter regarding PTOT's optical filters for 3D motion sensing modules, explaining Viavi's belief that PTOT's filters were infringing the Asserted Patents and that PTOT was knowingly selling its filters for incorporation into mobile

devices intended for the U.S. market. *See* Exhibit 7. From this letter, PTOT had actual knowledge of the Asserted Patents and the infringing nature of its optical filters. *Id*.

14. At that time, PTOT held itself out as "one of the few manufacturers" that provide optical filters for 3D motion sensing modules to electronic device manufacturers. Exhibit 8. PTOT continues to make similar claims today, that it is "one of the few manufacturers in the industry that can meet the requirements of 3D module filter specifications," noting that the "key features [are]: 1. Low Angle Shift 2. The spectral cut-off area achieves ultra-low penetration, that is, High OD (Optical Density), which can effectively suppress the visible light source." Exhibit 9 at 15.

15. After not receiving a response to its letter as requested, Viavi filed suit against PTOT in this District in August 2020 (Case No. 5:20-cv-05501-EJD) ("Initial Suit") alleging patent infringement against PTOT's filters that that were made and sold for incorporation into devices imported, used, or sold in the United States after May 1, 2020. That case was voluntarily dismissed in May 2023 in favor of the above-captioned case.

16. In the present suit, Viavi originally pled that PTOT was liable at least for inducing infringement, by knowingly taking active steps to encourage and facilitate direct infringement by others. D.I. 1. On October 21, 2022, Viavi filed a Motion for Leave to File a Second Amended Complaint in this action, which alleged direct infringement based on information obtained during discovery, as discussed in the allegations below. D.I. 87.

17. On October 13, 2023, this Court granted PTOT's Motion for Summary Judgment with respect to Viavi's allegation of induced infringement, but also granted Viavi's Motion to File a Second Amended Complaint (SAC) to add a claim for direct infringement of the Asserted Patents. *See generally* D.I. 141, 142.

18. On February 23, 2024, the Court granted PTOT's Motion to Dismiss Viavi's SAC but granted Viavi leave to file this Third Amended Complaint. *See generally* D.I. 160.

**PARTIES AND THE INFRINGING ACTIVITY**

19. Viavi is a Delaware corporation with a place of business in this District at 3047 Orchard Parkway, Suite 10, San Jose, California 95134. Viavi also maintains its state-of-the-art

research and development facility and a major production facility in this District in Santa Rosa, California.

20. Viavi is the owner and assignee of each of the Asserted Patents and holds the right to sue and recover for past, present, and future infringement thereof, including by PTOT.

21. On information and belief, PTOT is a company organized under the laws of Taiwan, with its principal place of business and headquarters located at 37, Ko Chi 2nd Rd., Hua Ya Technology Park, Gueishan District, Taoyuan City, 33383 Taiwan.

22. [redacted] for incorporation into [redacted] electronic devices, including mobile phones.

23. For example, [redacted]. When [redacted] refers to a filter design such as [redacted] it is referring to the specific filter design referred to as [redacted] that has been qualified to be used in certain [redacted]. Duffy Decl., ¶ 5. The [redacted] filter is used in the world-facing camera in the [redacted]. *Id.* The [redacted] filter is used in user-facing cameras in the [redacted]. *Id.*

24. [redacted]. D.I. 88-9 at 16.

25. Viavi purchased in the United States an [redacted] that included a PTOT filter in the phone's world-facing camera. Case No. 5:20-cv-05501-EJD (SVK), D.I. 114-2 at ¶ 10, Figs. 2, 3. This filter is referred to as Filter #25 or the "PTOT Infringing Filter." *See* D.I. 1 at 6-8; D.I. 1-9. Because [redacted] filters are used in world-facing cameras in the [redacted], Filter #25 is PTOT [redacted] filter. *See* Duffy Decl., ¶ 5.

26. [redacted] provides engineering requirements for the [redacted], and other filters in a document referred to as the [redacted]. Exhibit 15 at p. 6.

27. The figure below from the [redacted] depicts a [redacted] wafer and [redacted] filters that can be singulated (or diced) from the [redacted] wafer. Exhibit 15 at p. 25. In the image, the grey area represents a dicing ring and the turquoise area from [redacted]. Cole Decl., ¶ 10; Duffy Decl., ¶ 10. The entire turquoise and blue area inside the [redacted] represents a wafer, and in this case, a [redacted]. *Id.* The blue areas illustrate where production filters can be singulated (or diced) from the [redacted] wafer. *Id.*

[redacted]

Exhibit 15 at p. 25.

28. The [redacted] wafer can also be diced into other sizes larger or smaller than the size of the [redacted] production filters, and the result of the dicing process, whether a diced [redacted] wafer or [redacted] production filter would be referred to as a die. Cole Decl., ¶¶ 10, 11. Any sized die (e.g., [redacted] diced wafers, [redacted] production filters) singulated from the [redacted] wafer would be originate from the same area in the [redacted] wafer—the area inside 200 mm. Cole Decl., ¶ 10; Duffy Decl., ¶¶ 10, 12.

29. Once a design for a filter is set by [redacted] a supplier, like Viavi or PTOT, cannot change the design without [redacted] permission. Duffy Decl., ¶ 8. This restriction applies to the optical coating design and filter stack. *Id.* at ¶ 8. As a result, any [redacted] die (e.g., a [redacted] diced wafer, [redacted] production filter) would meet the [redacted] design set by [redacted]. *Id.* at ¶ 13.

30. On August 26, 2020, during the pendency of the Initial Suit, [redacted] asked Viavi to send [redacted] wafers diced to 20x20 mm squares" to [redacted] in the United States. Exhibit 16 at 4. To meet the request, Viavi fabricated a [redacted] wafer including the same filter stack design as the production [redacted] filters that Viavi provides to [redacted]. *Id.* at ¶ 12. Viavi then diced the [redacted] wafer into 20 × 20 mm squares, and sent them to [redacted] in the United States. *Id.* at ¶¶ 12, 13.

31. Subject to very minor manufacturing tolerances, the diced [redacted] wafers would have included the same coating, filter stack, and optical properties as a production [redacted] filter. Duffy Decl., ¶¶ 11-13; Cole Decl., ¶¶ 11, 13, 14. The resulting [redacted] diced samples would differ from a production [redacted] filter only with respect to size, but would exhibit the same optical properties. Duffy Decl., ¶¶ 11-13; Cole Decl., ¶¶ 11, 13, 14.

32. On information and belief, [redacted] requested the [redacted] diced wafers to perform its own testing or analysis of the filter stack and optical properties of the [redacted] wafers that Viavi was producing. Duffy Decl., ¶¶ 13, 14; Cole Decl., ¶¶ 12, 14.

33. On August 26, 2020, [redacted] also asked to [redacted] to send "[redacted] wafers diced to 20x20 mm squares" to the United States. Exhibit 10 (PTOT Interrogatory Responses) at 7; Exhibit 11 (Lin Dep. Tr., Sep. 28, 2022) at 48:21-50:2; Exhibit 12 (PTOT_0000031-34). PTOT directly sent the "[redacted] wafers diced to 20x20 mm squares" ("[redacted] Samples") from Taiwan to [redacted] in the United States. *Id.*

34. Upon information and belief, title to the [redacted] samples transferred to [redacted] in the United States for which PTOT received consideration, including continued participation in the [redacted] supply chain.

35. In connection with the shipment of [redacted] samples, [redacted]. Exhibit 12.

36. PTOT and [redacted] (and Viavi and [redacted]) describe the samples using the name [redacted]. A participant in the photonics industry, such as PTOT, would understand that [redacted] was asking for [redacted] diced wafers (i.e., [redacted] dies) cut or otherwise originating from a [redacted] wafer. Duffy Decl., ¶ 11; Cole Decl., ¶ 12. A die originating from a [redacted] wafer could refer to a [redacted] production filter or a diced [redacted] wafer of any size. Cole Decl., ¶ 11. All [redacted] dies would have the same optical properties and filter stack, subject to minor manufacturing tolerances across the area of the wafer and potentially among wafers in different manufacturing runs. *Id*. at ¶ 11.

37. The difference between the PTOT [redacted] samples and one example of what was originally referred to as a PTOT Infringing Filter in Viavi's Original Complaint is its size; the design of the filter stack and its optical properties would be the same. Cole Decl., ¶¶ 11, 14; Exhibit 13 (Lin Dep. Tr., Sep. 29, 2022) at 126:12-17, 127:5-11, 128:13-19. It is possible to analyze the optical properties of a [redacted] production filter to determine the properties of a diced [redacted] wafer (as they will be the same), and vice versa. Cole Decl., ¶ 14.

## JURISDICTION AND VENUE

38. This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 et seq., and in particular, 35 U.S.C. §§ 271 and 281-285.

39. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States.

40. This Court has personal jurisdiction over PTOT because it has directly imported from Taiwan its infringing products into the United States, California, and this District.

41. By knowingly and directly importing its infringing products into the United States, California, and this District, PTOT has purposefully availed itself of the privileges of conducting business in the United States, California and this District, and sought the protection and benefits from the laws of the United States and California and thus has subjected itself to personal jurisdiction here.

42. This Court has venue over PTOT under 28 U.S.C. § 1391 because, among other reasons, PTOT is a foreign corporation that does not reside in the United States and therefore may be sued in any United States judicial district, including this District.

**FIRST CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 9,588,269)

43. Viavi incorporates by reference the allegations contained in paragraphs 1 through 42 above.

44. The ’269 patent entitled “Optical Filter and Sensor System” issued on March 7, 2017. A copy of the ’269 patent is attached as Exhibit 1.

45. PTOT is liable for direct infringement of the ’269 patent in violation of 35 U.S.C. § 271(a) by at least the acts of selling, offering for sale, and/or importing into the United States its products, including without limitation optical filters sent directly and sold to [redacted] in the United States, that infringe at least one claim of the ’269 patent, e.g., claim 1. *See* Exhibits 10-14.

46. The optical filter charted with respect to the Asserted Patents in Exhibit 14 represents a [redacted] filter found in an [redacted] in the United States. *See* Exhibit 14; Case No. 5:20-cv-05501-EJD (SVK), D.I. 114-2 at ¶ 10, Figs. 2, 3; Duffy Decl., ¶ 5. PTOT’s [redacted] Samples would have the same filter stack and optical properties as the optical filter described in Exhibit 14. Cole Decl., ¶¶ 11, 14.

47. PTOT’s [redacted] represent one or more optical filters comprising a filter stack that has a plurality of thin film hydrogenated silicon layers that have a refractive index greater than 3 over a wavelength range of 800 to 1100 nm, and a plurality of thin film lower refractive index layers that have a refractive index less than 3 over the wavelength range of 800

to 1100 nm. *See* Exhibit 14. Within this design, the plurality of thin film lower refractive index layers alternate, in a one-to-one ratio, with the plurality of thin film hydrogenated silicon layers. *Id*. The filter additionally exhibits interference that creates a passband that at least partially overlaps with the wavelength range of 800 to 1100 nm and the passband has a center wavelength that shifts by less than 20 nm in magnitude with a change in an incidence angle between 0° and 30°. *Id*.

48. Viavi has been damaged by PTOT's infringement, and will continue to be damaged by PTOT's infringement, of the '269 patent, and thus is entitled to recover damages from PTOT to compensate it for the infringement.

49. Viavi is entitled to damages adequate to compensate it for the infringement but in no event less than a reasonable royalty.

50. PTOT's past infringement (since May 1, 2020), including the importation and/or sale of the [redacted], and/or any continuing infringement has been deliberate and willful.

**SECOND CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 10,222,526)

51. Viavi incorporates by reference the allegations contained in paragraphs 1 through 50 above.

52. The '526 patent entitled "Optical Filter and Sensor System" issued on March 5, 2019. A copy of the '526 patent is attached as Exhibit 2.

53. PTOT is liable for direct infringement of the '526 patent in violation of 35 U.S.C. § 271(a) by at least the acts of selling, offering for sale, and/or importing into the United States its products, including without limitation optical filters sent directly and sold to [redacted] in the United States, that infringe at least one claim of the '526 patent, e.g., claim 27. *See* Exhibits 10-14.

54. The optical filter charted with respect to the Asserted Patents in Exhibit 14 represents a PTOT [redacted] filter found in an [redacted] in the United States. *See* Exhibit 14; Case No. 5:20-cv-05501-EJD (SVK), D.I. 114-2 at ¶ 10, Figs. 2, 3; Duffy Decl., ¶ 5. PTOT's [redacted] would have the same filter stack and optical properties as the optical filter

described in Exhibit 14. Cole Decl., ¶¶ 11, 14.

55. PTOT's [redacted] represent one or more optical filters comprising a plurality of layers that include hydrogenated silicon layers and lower refractive index layers, with a passband that has a center wavelength that shifts by less than 13 nm in magnitude with a change in an incidence angle between 0° and 30°. *See* Exhibit 14.

56. Viavi has been damaged by PTOT's infringement, and will continue to be damaged by PTOT's infringement of the '526 patent, and thus is entitled to recover damages from PTOT to compensate it for the infringement.

57. Viavi is entitled to damages adequate to compensate it for the infringement but in no event less than a reasonable royalty.

58. PTOT's past infringement (since May 1, 2020) including the importation and/or sale of the [redacted], and/or any continuing infringement has been deliberate and willful.

**<u>THIRD CLAIM FOR RELIEF</u>**

(Infringement of U.S. Patent No. 11,131,794)

59. Viavi incorporates by reference the allegations contained in paragraphs 1 through 58 above.

60. The '794 patent entitled "Optical Filter and Sensor System" issued on September 28, 2021. A copy of the '794 patent is attached as Exhibit 3.

61. PTOT is liable for direct infringement of the '794 patent in violation of 35 U.S.C. § 271(a) by at least the acts of selling, offering for sale, and/or importing into the United States its products, including without limitation optical filters sent directly and sold to [redacted] in the United States, that infringe at least one claim of the '794 patent, e.g., claim 9. *See* Exhibits 10-14.

62. The optical filter charted with respect to the Asserted Patents in Exhibit 14 represents a PTOT [redacted] filter found in an [redacted] in the United States. *See* Exhibit 14; Case No. 5:20-cv-05501-EJD (SVK), D.I. 114-2 at ¶ 10, Figs. 2, 3; Duffy Decl., ¶ 5. PTOT's [redacted] would have the same filter stack and optical properties as the optical filter described in Exhibit 14. Cole Decl., ¶¶ 11, 14.

63. PTOT's [redacted] represent one or more optical filters comprising a set of layers including silicon and hydrogen and a set of layers including oxygen, with a center wavelength that shifts by less than 15 nm in magnitude with a change in an incidence angle between 0° and 30°. *See* Exhibit 14.

64. Viavi has been damaged by PTOT's infringement, and will continue to be damaged by PTOT's infringement, of the '794 patent, and thus is entitled to recover damages from PTOT to compensate it for the infringement.

65. Viavi is entitled to damages adequate to compensate it for the infringement but in no event less than a reasonable royalty.

66. PTOT's past infringement (since May 1, 2020) including the importation and/or sale of the [redacted], and/or any continuing infringement has been deliberate and willful.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. Rule 38(b), Viavi hereby demands a trial by jury on all issues and claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Viavi respectfully prays for the following relief:

1. Pursuant to 35 U.S.C. § 271(a), a Judgement that PTOT infringes and has infringed, directly, at least one claim of the '269 patent, at least one claim of the '526 patent, and/or at least one claim of the '794 patent;

2. Pursuant to 35 U.S.C. § 284, compensatory damages, past and future, including lost profits and amounting to no less than reasonable royalties, prejudgment interest, and/or any other available damages based on any form of recoverable economic injury sustained by Viavi as a result of PTOT's infringement, which can be trebled for willfulness under § 284;

3. Pursuant to 35 U.S.C. § 285, an award of any other supplemental damages including Viavi's costs and attorneys' fees incurred in this action; and

4. For such other relief as this Court deems just and proper.

Dated: March 15, 2024

VENABLE LLP

By: /s/ *William A. Hector*

Frank C. Cimino, Jr.
FCCimino@venable.com
Megan S. Woodworth
MSWoodworth@venable.com
Charles J. Monterio, Jr.
CJMonterio@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-8300

William A. Hector
WAHector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3738
Facsimile: (415) 653-3755

*Attorneys for Viavi Solutions Inc.*