1
2
3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VIAVI SOLUTIONS INC.,

          Plaintiff,

    v.

PLATINUM OPTICS TECHNOLOGY INC.,

          Defendant.

Case No.   21-cv-06655-EJD

**ORDER DENYING MOTION TO DISMISS**

Re: ECF No. 169

Before the Court is Defendant Platinum Optics Technology Inc.'s ("PTOT") Motion to Dismiss Viavi Solutions Inc.'s Third Amended Complaint ("TAC").  ECF No. 169.  For the below reasons, the Court DENIES PTOT's Motion.

I.  **BACKGROUND**

The Court has provided a background of the facts involved in this case in prior orders. *See, e.g.,* ECF Nos. 142, 160 ("SAC Order").  The Court will repeat those facts necessary to resolve the pending motion.

Viavi initiated this action arising under 35 U.S.C. § 271(b) on August 27, 2021, seeking a judgment that PTOT induced infringement of U.S. Patent Nos. 9,354,369 (the "'369 patent")[1]; 9,588,269 (the "'269 patent"); and 10,222,526 (the "'526 patent").  On October 4, 2021, Viavi amended its complaint to include allegations of PTOT's infringement of U.S. Patent No. 11,131,794 (the "'794 patent").  *See generally* ECF No. 21, First Amended Complaint.  The

---

[1] Viavi has since voluntarily dismissed its claim with respect to the '369 patent.  *See* ECF No. 26.  The "Asserted Patents" are the '269 patent, the '526 patent, and the '794 patent.

Case No.: 21-cv-06655-EJD
ORDER DENYING MOTION TO DISMISS
1

United States District Court
Northern District of California

1 Asserted Patents relate generally to optical filters.  On October 21, 2022, Viavi moved for leave to

2 file a second amended complaint based on newly discovered information.  *See* ECF No. 87.  One

3 week later, on October 28, 2022, PTOT filed a motion for summary judgment of non-

4 infringement.  ECF No. 89.  On October 13, 2023, the Court granted Viavi's motion for leave to

5 file a second amended complaint to allege a claim for direct infringement.  ECF No. 141.  On the

6 same day, the Court also granted PTOT's motion for summary judgment of non-infringement as to

7 the induced infringement claim.  ECF No. 142.

8        The since-dismissed second amended complaint ("SAC") alleged that, in September 2020,

9 PTOT directly sent samples of wafers (hereinafter referred to as the "Accused Samples") from

10 Taiwan to Company.[2]  Viavi alleged in the SAC that these Accused Samples have the same design

11 of "one example" of a PTOT filter Viavi previously accused of *indirect* infringement ("Previously

12 Accused Filter")[3] in Viavi's first amended complaint.  Viavi attached to its SAC a claim chart

13 comparing the claims of the Asserted Patents to the Previously Accused Filter.  SAC, Ex. 14.

14 Exhibit 14 did not chart the Asserted Patents to the Accused Samples.  Rather, the SAC alleged

15 that the Previously Accused Filter, as charted in Exhibit 14 to the SAC, "represent[ed]" the

16 Accused Samples.  *Id.* ¶¶ 36, 44, 52 ("the optical filter charted with respect to the Asserted Patents

17 in Exhibit 14 represents a PTOT [Accused Sample] in the United States").

18        The Court granted PTOT's motion to dismiss the SAC, finding that (1) the SAC lacked

19 sufficient factual allegations regarding its claims that PTOT infringed the *Accused Samples*, and

20 without some factual basis beyond conclusory statements regarding their size to plausibly connect

21 the Accused Samples with the Previously Accused Filter, Viavi had not sufficiently plead direct

22 infringement of the Accused Samples; (2) the claim chart involving the Previously Accused Filter

23

24 ───────────────
[2] As in past orders, the Court refers to "Company" throughout this Order to maintain the
confidentiality of the third-party company, which has been redacted from the parties' filings.
25 [3] The Previously Accused Filter is a PTOT filter that Viavi found in a Company mobile phone
after it filed its first U.S. action against PTOT (*Viavi Solutions Inc. v. Platinum Technology Optics
26 Inc.*, No. 5:20-cv-05501-EJD (N.D. Cal.) ("the -5501 Action")).  TAC ¶ 25.  The Previously
Accused Filter was the product Viavi previously accused in support of its since-dismissed
27 induced-infringement theory.  ECF No. 142, Order Granting PTOT's Motion for Partial Summary
Judgment.

28 Case No.: 21-cv-06655-EJD
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

was insufficient to plausibly allege that the Accused Samples infringed the Asserted Patents; and (3) the "narrative form" regarding how the design of the Accused Samples meets the claims in the Asserted Patents simply recited the asserted claim elements and was therefore likewise deficient. SAC Order 5–8.

Viavi has since amended its complaint a third time, bolstering its allegations of PTOT's purported infringement of the Asserted Patents. *See, e.g.*, TAC ¶¶ 23–33. Viavi alleges the following: the Previously Accused Filter it located in a Company device is a specific type of filter identified by Company as Codename.[4] *Id.* ¶ 25. Company provides a specification showing engineering requirements for Codename filter. *Id.* ¶ 26. That specification depicts that Codename filters can be diced from the Codename wafer. *Id.* ¶ 27. The specification also shows that any sized diced Codename wafers or Codename filters would originate from the Codename wafer. *Id.* ¶ 28. Company asked Viavi to send it Codename wafers, and to meet that request, Viavi fabricated a Codename wafer which included the same filter stack design as the Codename filters that Viavi provides to Company. *Id.* ¶ 30. Company also asked PTOT to send Codename wafers (the Accused Samples), which PTOT did. *Id.* ¶ 33. A participant in the photonics industry, such as PTOT, would purportedly understand that Company was asking for Codename diced wafers originating from a Codename wafer. *Id.* ¶ 36.

The critical connection Viavi seeks to make in the TAC can be reduced to this: the Previously Accused Filter claim charts are equally applicable to the Accused Samples because the filter design and optical properties of both products are the same. In simple terms, this is because both products originate from PTOT's Codename wafers, which themselves are subject to Company's required specifications, and which permit only minor manufacturing tolerances that should not impact the infringement analysis.

PTOT has once again moved to dismiss for failure to state a claim under Rule 12(b)(6). For the below reasons, the Court DENIES PTOT's motion.

---

[4] The Court refers to the specific name of the wafer as "Codename" to preserve confidentiality.

United States District Court
Northern District of California

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," and may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support such a theory.  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.").  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

The court usually does not consider material beyond the pleadings for a Rule 12(b)(6) motion.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).  Exceptions include material incorporated by reference in the complaint and material subject to judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–69 (9th Cir. 2001).

An "element-by-element pleading standard for patent infringement . . . is unsupported and goes beyond the standard the Supreme Court articulated in Iqbal and Twombly."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).  Rather, "[t]he adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities."  *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).  For a "simple technology," a plaintiff may plausibly plead by providing the asserted patents, identifying the accused products "by name and by attaching photos of the product packaging," and alleging the accused products meet "each and every element of at least one claim… either literally or equivalently."  *Disc Disease Sols. Inc.*

United States District Court
Northern District of California

*v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).  However, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.  There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Bot M8 LLC*, 4 F.4th 1342 at 1353 (agreeing with the district court's dismissal where the complaint's allegations were conclusory, merely tracked the claim language, and did not present plausible factual content in support of infringement).

Even when a complaint provides sufficient factual statements, a plaintiff may still fail to plausibly state a claim where (1) the infringement allegation rests on an implausible claim construction, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018), or (2) "the factual allegations are actually inconsistent with and contradict infringement."  *Bot M8 LLC*, 4 F.4th at 1354.

## III.    DISCUSSION

### A.    Direct Infringement

PTOT argues that, despite the amendments to the TAC, Viavi's allegations still fail to state a claim of direct infringement for the same reasons the Court previously identified.  As noted above, the Court dismissed Viavi's direct infringement claims because Viavi had not pleaded factual allegations that articulate why it is plausible that the Accused Samples infringe the asserted claims.  In particular, Viavi had not sufficiently plead a plausible basis to equate the Previously Accused Filter with the Accused Samples such that it would be appropriate to rely on the former as "representative" of the latter.  The similarities between the Previously Accused Filter and the Accused Samples are crucial because Viavi's theory of infringement depends on the Previously Accused Filter.  As explained above, while Viavi's SAC contained claim charts showing how the Previously Accused Filter infringed the asserted claims, it lacked any comparable analysis with respect to the Accused Samples.  The Court explained in its prior order that the SAC failed to establish a sufficient factual basis to plausibly connect the charted (but unaccused) Previously Accused Filter with the uncharted (but presently accused) Accused Samples.

United States District Court
Northern District of California

1    Viavi contends that its TAC addresses this deficiency and supplies the lacking factual

2    basis.  The Court agrees.  The new allegations, combined with the additional evidence, provide a

3    factual basis to support its theory that the filter design and optical properties of the Previously

4    Accused Filter and the Accused Samples are the same for the purposes of the infringement

5    analysis.  Where Viavi previously relied on conclusory statements and contradictory deposition

6    testimony to support this allegation (*see* SAC Order 6–7), it now sufficiently supports it

7    allegations with factual evidence that the Court accepts as true at this stage.  For instance, Viavi

8    refers to two nearly identical emails from Company to both Viavi and PTOT (the sole suppliers of

9    the relevant filters) which support an inference that Company is consistent with its demands of

10   both suppliers.  *Compare* TAC, Ex. 12 *with* TAC, Ex. 16.  Following the emails, both PTOT and

11   Viavi sent samples to Company, including PTOT's Accused Samples.  ECF No. 165-10; Duffy

12   Decl. ¶ 12; Cole Decl. ¶ 12.  In responding to Company's request, PTOT alleges that any supplier

13   in the industry would have taken similar steps—including preparing a wafer having the Company-

14   approved filter stack and meeting the requisite performance requirements.  Duffy Decl. ¶ 14; Cole

15   Decl. ¶ 14.  Viavi also alleges that a supplier in this scenario would have followed the same design

16   and manufacturing processes as if it had been preparing a wafter for production filters—for

17   example, the Previously Accused Filter.  *See* Cole Decl. ¶ 8 ("The supplier [] would be expected

18   to and would follow that design and process unless an approved change is made, particularly if it

19   impacts the performance of the produced optical filters.").  Viavi further alleges that PTOT

20   followed the same procedure such that "the difference between the PTOT [Accused Samples]" and

21   the Previously [Accused] Filter "is its size," and "the design of the filter stack and its optical

22   properties would be the same."  TAC ¶¶ 28–37.

23   At this stage, accepting the allegations as true, Viavi has plausibly alleged that the Accused

24   Samples infringe for the same reasons as the charted Previously Accused Filter.  Viavi has placed

25   PTOT "on notice of what activity is being accused of infringement."  *Bot M8*, 4 F.4th at 1352

26   (quotations and citations omitted).

27   PTOT argues that (1) Viavi still has not analyzed or seen the Accused Samples; (2) the

28   Case No.: 21-cv-06655-EJD
     ORDER DENYING MOTION TO DISMISS
     6

United States District Court
Northern District of California

1    TAC relies on the same infringement theory and "effectively" all of the same evidence the Court

2    already found insufficient; and (3) the new evidence Viavi relies on "has nothing to do with the

3    Accused Samples." Mot. 9. The Court rejects these arguments. First, although the Court

4    recognized that Viavi could have sought permission to take additional discovery to analyze an

5    Accused Sample, the fact that Viavi had not viewed one was not itself dispositive. Viavi's failure

6    to analyze any Accused Sample, combined with unsupported and contradictory allegations, led to

7    dismissal of the SAC.

8        Second, the Court disagrees that the TAC's reliance on some of the same evidence

9    previously found insufficient warrants dismissal again. Even though Viavi relies on the same

10   claim chart comparing the Previously Accused Filter to the Asserted Patents, which was

11   previously attached the SAC, Viavi has now supplied the missing factual context to reasonably

12   infer that the Previously Accused Filter *is* representative of the Accused Samples. That context is

13   supplied with new documentary evidence and declarations from an independent expert in the field,

14   Dr. Garrett D. Cole, and a Program Manager at Viavi with relevant knowledge.

15       Third, PTOT's criticisms of the new evidence and declarations are not persuasive at this

16   stage. It is true that the declarations and the specification document refer to *Viavi's* behavior and

17   *Viavi's* performance requirements. But Viavi has plausibly alleged that the two companies are the

18   only two suppliers following Company's requirements for optical filters, and so it is reasonable to

19   infer PTOT would be required to follow the same performance requirements as Viavi. Nor does

20   Mr. Lin's testimony defeat that inference at this stage. Again, although the Court previously

21   concluded that Mr. Lin's testimony did not sufficiently support Viavi's allegation that the

22   Previously Accused Filter and the Accused Samples could be treated the same, PTOT has now

23   provided a "factual basis beyond" this testimony "to plausibly connect the Accused Samples with

24   the Previously Accused Filter." Order 6–7. Further challenges to Mr. Lin's testimony can be

25   raised at a later stage.

26       Accordingly, the Court DENIES PTOT's motion to dismiss Viavi's direct infringement

27   claim.

28   Case No.: 21-cv-06655-EJD
     ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

**B.    Willful Infringement**

The Court previously dismissed Viavi's willful infringement claim for failing to state a direct infringement claim.  *See* Order 8.  Because the Court declines to dismiss Viavi's direct infringement claim, it proceeds to address PTOT's substantive arguments regarding willful infringement.

"To establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct."  *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247, 1274 (Fed. Cir. 2022).  "[C]ourts in this district have reasoned that to survive a motion to dismiss, a plaintiff must plausibly plead 'knowledge of the patent and knowledge of infringement.'"  *BSD Crown, LTD. v. Amazon.com, Inc.*, 684 F. Supp. 3d 993, 999 (N.D. Cal. 2023) (quoting *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022)).

Viavi has plausibly alleged a claim for willful infringement.  The TAC alleges that PTOT had pre-suit knowledge of the Asserted Patents, and PTOT proceeded to ship the Accused Samples despite being on notice of the Asserted Patents.  TAC ¶¶ 11, 50, 58, 66.  PTOT argues that the Viavi fails to plead willful infringement because the timing of the alleged infringement vis-à-vis the timing of the litigation negates any willfulness.  In this regard, PTOT suggests that Viavi's willful infringement claim fails because the only accused products are the Accused Samples, which were shipped to the Company in September 2020.  Because at that time, litigation between the parties had already begun, PTOT's two-part argument—or how the Court construes it—is as follows: (1) Viavi cannot allege willfulness based on post-suit conduct because Viavi did not seek a preliminary injunction, and (2) PTOT's good-faith belief in both non-infringement and invalidity of the Asserted Claims is demonstrated by its responsive pleading in the -5501 Action.  *See* Mot. 16–17.  Neither warrant dismissal of Viavi's willfulness claim.

First, the Federal Circuit has clarified that there is "no rigid rule" that "a patentee must seek a preliminary injunction in order to seek enhanced damages."  *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1296 (Fed. Cir. 2017).  As to the timing of the conduct, PTOT has

Case No.: 21-cv-06655-EJD
ORDER DENYING MOTION TO DISMISS

not established that Viavi's willfulness claim is based exclusively on "post-suit" conduct such that it should be dismissed. Even if the alleged infringement is based primarily on the one-time shipment to Company in September 2020, Viavi has also alleged continuing infringement. *See* TAC ¶¶ 50, 58, 66. While PTOT's argument that Viavi cannot establish continuing infringement may prove true, the Court does not resolve that factual contention in PTOT's favor at this stage. *See* Mot. 17.

Second, "[t]he subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Put differently, Viavi has stated a claim for willful infringement even if PTOT asserted in its responsive pleading in the -5501 Action that it had a good-faith belief in the non-infringement and invalidity of the Asserted Patents. A fact finder can assess PTOT's purported good-faith belief that the Accused Samples did not infringe or that the Asserted Patents were invalid at a later stage.

PTOT's motion to dismiss Viavi's willfulness claim is therefore DENIED.

## IV. CONCLUSION

For the foregoing reasons, PTOT's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: February 6, 2025

EDWARD J. DAVILA
United States District Judge