UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>    Defendant. | Case No. 21-cv-06655-EJD (SVK)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 208, 211, 222 |

Before the Court are three administrative motions filed by the Parties: (1) Defendant's administrative motion to seal the joint statement and exhibits relating to the Parties' P-filter dispute, (Dkt. 208); (2) Defendant's administrative motion to seal the supplemental *in camera* declaration filed in support of the P-filter dispute, (Dkt. 222); and (3) Plaintiff's administrative motion to seal the joint statement and exhibits relating to the Parties dispute regarding Interrogatory no. 16 and Request for Production no. 25, (Dkt. 211). Neither party has opposed the other party's requests to seal, and Defendant has also filed a declaration in support of sealing certain documents relating to Dkt. 211. *See* Dkt. 214. Having considered the Parties' submissions, oral arguments and the relevant law, the Court finds good cause to **GRANTS IN PART** the motions as follows:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Joint Statement Regarding Production of P-Filters (Dkt. 208-3) | Highlighted portions at ECF 5:1-9, ECF 5:24-6:1, ECF 6:19-20, ECF 8:17 and 8:23, ECF 9:11 and 9:19-20, ECF 10:3-4, 10:16, 10:25, and 10:28, and ECF 11:28 | **GRANTED IN PART.** These highlighted portions contain either: (1) information regarding Viavi's, PTOT's, and a third party's relationship information, which is confidential and has been previously sealed in this case; and/or (2) confidential, allegedly trade secret information concerning PTOT's manufacturing and assembly lines, |

| | | |
|---|---|---|
| | | personnel, archival processes, and manufacturing techniques, the disclosure of which to PTOT's competitors would cause significant and irreparable harm.<br><br>The excerpts at ECF page 4 are not confidential (the mere existence of trade secret processes does not pose any risk of harm) and shall be unsealed. |
| Declaration of Yiwei Lin ISO PTOT (Dkt. 208-5) | Highlighted portions at ECF 3:20, ECF 4:5, 4:18, on ECF page 5, on ECF page 6, on ECF page 7, and ECF 8:1, 8:5 | **GRANTED.**<br>Sealed for the same reasons as set forth with regard to Dkt. 208-3<br><br>Although the Court has some concern with regard to the sealing of ¶ 20, because of differences in the languages meaning that the Court is unable to judge the syntax of ¶ 20, and the lower good cause standard applicable to these disputes, the Court will permit ¶ 20 to remain under seal as highlighted. |
| Declaration of James D. Rancourt ISO PTOT (Dkt. 208-7) | Highlighted portions at ECF 6:11, 6:15, fn. 1, and ECF 7:2, 7:4, 7:5 | **GRANTED.**<br>Sealed for the same reasons as set forth with regard to Dkt. 208-3 |
| Declaration of Garrett D. Cole ISO Viavi (Dkt. 208-9) | Highlighted portions at ECF 3:20-21, 3:25-27, ECF 4:1, 4:6, 4:7-9, ECF 5:9, 5:26-27, and ECF 6:10-11 | **GRANTED IN PART.**<br>Sealed for the same reasons as set forth with regard to Dkt. 208-3<br><br>The excerpt at ECF page 4 lines 1-3 ("have features…") is not confidential (the mere existence of trade secret processes does not pose any risk of harm) and shall be unsealed. |
| Supplemental Declaration of James D. Rancourt ISO PTOT, submitted *in camera* (Dkt. 222) | Entire Declaration | **ORDER:**<br>Upon review, the submission of this declaration *in camera* was unwarranted; the trade secrets and confidential information disclosed in this declaration may be sufficiently protected by being designated "Highly Confidential – Attorneys' Eyes Only." Accordingly, in accordance with this Court's oral order and the accompanying summary order, counsel for Defendant shall immediately serve a copy of the declaration on counsel for Plaintiff. |

| | | However, maintenance of the declaration under seal is warranted. For the same reasons as set forth with regard to Dkt. 208-3, the Court **ORDERS** that this declaration may be maintained under seal in its entirety. |
|---|---|---|
| The Parties' Joint Chart in regarding the second discovery dispute (Dkt. 211-3) | Highlighted portions on ECF pages 3, 4 and 5. | **GRANTED.** Sealed for the same reasons as set forth with regard to Dkt. 208-3 |
| Viavi's Third Set of Interrogatories (Dkt. 211-4) | All Highlighted portions on ECF pages 5 and 8. | **GRANTED.** Sealed for the same reasons as set forth with regard to Dkt. 208-3 |
| PTOT's Objections and Responses to Viavi's Third Set of Interrogatories (Dkt. 211-5) | All Highlighted portions on ECF pages 5-11. | **GRANTED.** Sealed for the same reasons as set forth with regard to Dkt. 208-3 |

Accordingly, the Clerk of Court shall maintain Dkts. 208-3–9, 211-3–5, and 222 under seal. With regard to Dkts. 208-3 and 208-9 the Parties shall file final, redacted copies removing those redactions which the Court has ordered unsealed **no later than July 25, 2025.**

**SO ORDERED.**

Dated: July 18, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

3