UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIAVI SOLUTIONS INC.,
Plaintiff,
v.
PLATINUM OPTICS TECHNOLOGY INC.,
Defendant.

Case No. 21-cv-06655-EJD (SVK)

**ORDER ON JOINT DISCOVERY SUBMISSION**

Re: Dkt. No. 272

Before the Court is the Parties' Joint Submission in which Viavi seeks a further 30(b)(6) deposition of PTOT and production of documents pursuant to Requests for Production ("RFPs") Nos. 34-36. The Court is very familiar with the litigation history between the Parties, and in light of the record, the Joint Submission and the relevant law, determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

Viavi's request for a further 30(b)(6) deposition of PTOT is **GRANTED as limited herein**. Topic 36 has been withdrawn; Topic 39 is inappropriate and is stricken. PTOT's objection based on proportionality is premised on its merit-based argument that the case is now limited to just the 15 Accused Samples, a point Viavi sharply contests. Accordingly, the objection is **OVERRULED**. PTOT's objection that the topics are duplicative of prior notices does not demonstrate that a witness has previously testified on these topics. However, the deposition is further limited in that Viavi may not repeat questions that were previously asked and substantively answered by PTOT. In short, allowing this deposition is not an opportunity to re-ask questions in search of a more favorable answer. PTOT's further objections, nos. 2-6, which appear only in the summary chart and are not addressed in the Joint Submission, again appear to largely be merits-based arguments. These objections may be properly stated on the record for preservation but are

United States District Court
Northern District of California

not grounds to either reject the deposition or to instruct a witness not to answer.

Viavi's request for further production of documents – or more specifically for a search for non-privileged responsive documents – is **GRANTED as limited herein**. The first step in a diligent search is a diligent, good faith, inquiry. If such an inquiry demonstrates that a specified activity did not take place, a search for non-existent documents would not be proportional to the needs of this litigation, particularly in light of the discovery history between the Parties. Accordingly, **no later than December 7, 2026**, PTOT will provide a **verified response** that 1) it has diligently and in good faith inquired as to whether it i) conducted any pre-litigation analysis or comparison between the specific filters identified in the request, which are under seal, and the Asserted Claims or ii) conducted any pre-litigation design-around efforts relating to the Asserted Claims; and 2) the results of its inquiry. If any of the foregoing activities occurred, PTOT will search for and produce responsive non-privileged documents **before the close of discovery on December 18, 2026**.

PTOT's request for fee shifting is **DENIED**.

**SO ORDERED.**

Dated: November 23, 2026

SUSAN VAN KEULEN
United States Magistrate Judge